**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

YVONNE GREY,                                      3:12-cv-01967

      **Plaintiff,**                          ORDER

**v.**

**MEOR LLC, MEOR LLC dba**
**MASSAGE ENVY JOHN'S LANDING**
**and JENNIFER MANDEMAKER,**

      **Defendants.**

**BROWN, Judge.**

For the reasons stated on the record during the August 8, 2013, oral argument on Plaintiff's Motion (#19) to Compel Answer to Interrogatory, Defendants' Motion (#23) to Compel Production, Plaintiff's Motion (#29) to Withdraw Discovery Motion (part of Motion #19), and Defendants' Motion (#39) to Shorten Time to Respond to Discovery Requests, the Court rules as follows:

    1.   The Court **GRANTS** Plaintiff's Motion No. 29, and, therefore, only the first part of Motion No. 19 as to the sufficiency of Defendants' response to Interrogatory No. 3

1  -  ORDER

remains pending.  On that issue, the Court **GRANTS in part** Motion #19 as follows:

a.  **No later than August 16, 2013**, Defendants shall supplement their response to Interrogatory No. 3 to ensure that Defendants have identified all witnesses whose identity is responsive thereto.  Defendants will not be permitted to offer at trial any fact witness not disclosed in response to Interrogatory No. 3.

b.  As to all witnesses identified in response to Interrogatory No. 3 or in any supplemental response thereto, Defendants shall make such witnesses available to Plaintiff's counsel for an interview or a deposition at the option of Plaintiff's counsel as to whatever knowledge the witnesses may have about the claims or defenses at issue in this case.  To the extent that any such witness has already been deposed, Plaintiff's counsel may have a brief, follow-up deposition opportunity to ensure that he has had a fair opportunity to inquire of these witnesses as to any knowledge they may have concerning the claims or defenses at issue in this case.  If Defendants' counsel are aware of admissible evidence from these witnesses on which Defendants intend to rely at trial but which is not addressed by the questions asked in these depositions, then Defendants have the burden to supplement their response to Interrogatory No. 3 to ensure that Plaintiff has discovery of all

of the factual matter on which Defendants intend to rely at trial.  Neither Plaintiff nor Defendants will be permitted to introduce at trial any fact witness whose evidence has not been disclosed in discovery.

2.   The Court **GRANTS in part** Defendants' Discovery Motion No. 23 in two parts:

With respect to Defendants' discovery request concerning Plaintiff's Facebook data, the Court orders as follows:

a.   **No later than August 19, 2013,** Plaintiff's counsel shall obtain a complete record of **all** Plaintiff's Facebook data reflecting Plaintiff's postings as to her emotional state of mind and/or her physical condition in the period beginning six (6) months before the end of her employment with Defendant until the present and including all such postings from all versions of Plaintiff's Facebook profiles from all of her Facebook accounts and all of Plaintiff's message postings and her responses to any comments by others (but not necessarily the comments themselves) on the subject of her emotional state of mind and/or her physical condition.

b.   The Court intends all such responsive Facebook data shall be produced to Defendants' counsel together with 159

pages of Plaintiff's Facebook materials printed on June 19, 2013, from one of Plaintiff's accounts.  If necessary in the opinion of Plaintiff's counsel, the production may be subject to the existing Protective Order (#9).  If after review of the data Plaintiff's counsel determines any of this data should, nevertheless, be withheld from production, counsel shall submit that material to the Court for an *ex parte*, *in camera* review together with an *ex parte* Memorandum filed under seal explaining counsel's reasoning.  Following this process and **no later than August 19, 2013**, Plaintiff's counsel shall file in the record of this case counsel's certification of his diligence in obtaining all of the described Facebook data and the extent to which he has produced the responsive data to Defendants' counsel or to the Court.

With respect to Defendants' discovery request concerning the identity of Plaintiff's mental-health providers, the Court orders as follows:

a.   The Court finds Plaintiff has not waived her psychotherapist-patient privilege as to the identity of her mental health-care providers by making a "garden variety" claim for emotional-distress damages in this case.

b.   The Court will permit Defendants to have

additional discovery from Plaintiff by follow-up (telephone) deposition as to (1) Plaintiff's symptoms of emotional distress from 2005 to the present, but Plaintiff need not identify any person(s) from whom she sought treatment and (2) the cause(s) and periods of such emotional distress symptoms from Plaintiff's perspective.

     3.   With respect to Defendants' Motion (#39) to Shorten Time to Respond to Discovery Requests, the parties noted the timing issue is now moot, but a related discovery issue has arisen as to which the Court heard argument and made the following Order:

     a.   Defendants may make supplemental deposition inquiry of Plaintiff at the same time that they inquire about the above-referenced emotional-distress issues to determine whether there exists any computer hard drive or other record of the notes that Plaintiff made to write her 58-page narrative; and

     b.   The Court concludes Defendants' request for access to all cellphone text messages from one of Plaintiff's cell phones is overbroad, and, therefore, the Court declines to compel discovery on this issue.

     4.   The Court concludes the parties are equally responsible for their ongoing discovery strife, and, therefore, the Court

declines to award costs or attorneys' fees to any party arising from such disputes.

IT IS SO ORDERED.

DATED this 12th day of August, 2013.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge